David L. Cheng, Bar No. 240926
dcheng@fordharrison.com
Paul M. Suh, Bar No. 321028
psuh@fordharrison.com
FORD & HARRISON LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: 213-237-2400
Facsimile: 213-237-2401

Attorneys for Defendant
BGIS GLOBAL INTEGRATED SOLUTIONS US
LLC (erroneously sued as BGIS GLOBAL
INTEGRATED SOLUTIONS US, LLC)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER DIAZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BGIS GLOBAL INTEGRATED SOLUTIONS US, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 5:21-cv-02804-VKD<br><br>[Assigned for all purposes to Hon. Virginia K. DeMarchi Courtroom 2]<br><br>**DEFENDANT BGIS GLOBAL INTEGRATED SOLUTIONS US, LLC'S ANSWER AND DEFENSES TO PLAINTIFF JAVIER DIAZ'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed: **2/16/2021**<br>Complaint Served on Defendant BGIS Global Integrated Solutions US LLC: **3/23/2021**<br>Date of Removal: **4/19/2021**<br>Current Response Date for Defendant BGIS Global Integrated Solutions US LLC: **4/26/2021**<br>Proposed New Response Date: **6/29/2021**<br>Trial Date: None Set |

Defendant BGIS GLOBAL INTEGRATED SOLUTIONS US LLC (erroneously sued as BGIS GLOBAL INTEGRATED SOLUTIONS US, LLC) ("Defendant") hereby submits this Answer, Denials, and Affirmative Defenses to the claims and allegations set forth in Plaintiff JAVIER DIAZ's ("Plaintiff") Class Action Complaint ("Complaint"), according to the numbering in the Complaint.  Any allegation not specifically admitted is denied.

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.      The allegations of paragraph 1 of Plaintiff's Complaint do not contain allegations that require a response.  In any event, Defendant has insufficient information upon which to admit or deny the allegations of paragraph 1 of Plaintiff's Complaint, and, therefore, on this basis denies the allegations in paragraph 1 of Plaintiff's Complaint.

2.      In response to the allegations set forth in paragraph 2 of Plaintiff's Complaint, Defendant admits that it offers facilities management professionals and technical services, and among other things.  Accordingly, and with the sole exception of its partial admission, Defendant denies the remaining allegations of this paragraph.

3.      In response to the allegations set forth in paragraph 3 of Plaintiff's Complaint, Defendant denies that it "engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition."  The remaining allegations of this paragraph 3 are legal conclusions regarding wage-and-hour and unfair competition standards under California law, for which no response is required and Defendant can neither admit nor deny as a result.

4.      In response to the allegations set forth in paragraph 4 of Plaintiff's Complaint, Defendant denies the allegations of this paragraph.  The remaining allegations of this paragraph 3 are legal conclusions regarding overtime wage, minimum wage, meal period, rest break, wage statement, wage due upon separation of employment, and reimbursement standards under California law, for which no response is required and Defendant can neither admit nor deny as a result.

5.      In response to the allegations set forth paragraph 5, Defendant admits that Plaintiff purports to seek monetary relief arising from claims under state law, although Defendant's statement should in no way be construed as an acknowledgment that Plaintiff has stated viable causes of action under state law, as a matter of law.  Defendant denies that it has caused any damage to Plaintiff.  Defendant has insufficient information upon which to admit or deny the remaining allegations of paragraph 5 of Plaintiff's Complaint, and, therefore, on this basis denies the remaining allegations in paragraph 5 of Plaintiff's Complaint.

## **JURISDICTION AND VENUE**

6.      Defendant has insufficient information upon which to admit or deny the allegations of paragraph 6 of Plaintiff's Complaint, and, therefore, on this basis denies the allegations in paragraph 6 of Plaintiff's Complaint.  The allegations of this paragraph 6 are also legal conclusions for which no response is required.

7.      Defendant has insufficient information upon which to admit or deny the allegations of paragraph 7 of Plaintiff's Complaint, and, therefore, on this basis denies the allegations in paragraph 7 of Plaintiff's Complaint.  The remaining allegations of this paragraph 7 are legal conclusions for which no response is required.

8.      In response to the allegations set forth in paragraph 8 of Plaintiff's Complaint, Defendant states that it is a limited liability company organized under the laws of the State of Washington, and, denies that it is a citizen of California; rather it is a citizen of the states of New York and Delaware.  Defendant further admits that it generally does business in California and throughout the country.  The remaining allegations of this paragraph 8 are legal conclusions for which no response is required.

9.      In response to the allegations set forth in paragraph 9 of Plaintiff's Complaint, Defendant admits that it conducts business in the same district as the United States District Court for the Northern District of California, including Santa Clara County.  Defendant denies that it has caused any damage to Plaintiff.  Defendant has insufficient information upon which to admit or deny the remaining allegations of paragraph 9 of Plaintiff's Complaint, and, therefore, on this basis denies the remaining allegations in paragraph 8 of Plaintiff's Complaint.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12323405.1                           - 3 -                    DEFENDANT'S ANSWER AND DEFENSES TO
                                                                         PLAINTIFF'S CLASS ACTION COMPLAINT

## THE PARTIES

10.     Defendant has insufficient information upon which to admit or deny the allegations of paragraph 10 of Plaintiff's Complaint regarding where Plaintiff actually resides, and, therefore, on this basis denies the allegations in paragraph 10 of Plaintiff's Complaint. Defendant admits that it employed Plaintiff during the "Class Period in California."

11.     In response to the allegations set forth in paragraph 11 of Plaintiff's Complaint, Defendant admits that it was Plaintiff's employer. Defendant admits that it conducts business in the same district as the United States District Court for the Northern District of California. Defendant has insufficient information upon which to admit or deny the remainder of allegations of paragraph 11 of Plaintiff's Complaint without further specification.

12.     Defendant has insufficient information upon which to admit or deny the allegations of paragraph 12 of Plaintiff's Complaint, and, therefore, on this basis denies the allegations in paragraph 12 of Plaintiff's Complaint. The remaining allegations of this paragraph 12 are legal conclusions for which no response is required.

13.     Defendant has insufficient information upon which to admit or deny the allegations of paragraph 13 of Plaintiff's Complaint, and, therefore, on this basis denies the allegations in paragraph 13 of Plaintiff's Complaint.

14.     Defendant has insufficient information upon which to admit or deny the allegations of paragraph 14 of Plaintiff's Complaint, and, therefore, on this basis denies the allegations in paragraph 14 of Plaintiff's Complaint. The remaining allegations of this paragraph 14 are legal conclusions for which no response is required.

15.     Defendant has insufficient information upon which to admit or deny the allegations of paragraph 15 of Plaintiff's Complaint, and, therefore, on this basis denies the allegations in paragraph 15 of Plaintiff's Complaint. The remaining allegations of this paragraph 15 are legal conclusions for which no response is required.

16.     Defendant has insufficient information upon which to admit or deny the allegations of paragraph 16 of Plaintiff's Complaint, and, therefore, on this basis denies the

allegations in paragraph 16 of Plaintiff's Complaint.   The remaining allegations of this paragraph 16 are legal conclusions for which no response is required.

17.     Defendant has insufficient information upon which to admit or deny the allegations of paragraph 17 of Plaintiff's Complaint, and, therefore, on this basis denies the allegations in paragraph 17 of Plaintiff's Complaint.

## CLASS ACTION ALLEGATIONS

18.     Defendant has insufficient information upon which to admit or deny the allegations of paragraph 18 of Plaintiff's Complaint and therefore on this basis denies the allegations in paragraph 18 of Plaintiff's Complaint.  The allegations of this paragraph 18 are also legal conclusions for which no response is required.

19.     Defendant has insufficient information upon which to admit or deny the allegations of paragraph 19 of Plaintiff's Complaint and therefore on this basis denies the allegations in paragraph 19 of Plaintiff's Complaint.  The allegations of this paragraph 19 are also legal conclusions for which no response is required.

20.     The allegations of paragraph 20 of Plaintiff's Complaint are legal conclusions for which no response is required.

21.     The allegations of paragraph 21 of Plaintiff's Complaint are legal conclusions for which no response is required.

22.     The allegations of this paragraph 22 are legal conclusions for which no response is required.

23.     The allegations of this paragraph 23 are legal conclusions for which no response is required.   Otherwise, Defendant denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24.     The allegations of this paragraph 24 are legal conclusions for which no response is required.   Otherwise, Defendant denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12323405.1                                    - 5 -

DEFENDANT'S ANSWER AND DEFENSES TO
PLAINTIFF'S CLASS ACTION COMPLAINT

25.     The allegations of this paragraph 25 are legal conclusions for which no response is required.   Otherwise, Defendant denies the allegations set forth in paragraph 25 of Plaintiff's Complaint.

**<u>GENERAL ALLEGATIONS</u>**

26.     In response to the allegations set forth in paragraph 26 of Plaintiff's Complaint, Defendant admits that it employed Plaintiff as a "non-exempt employee[] at Defendants' California business location(s)" and that it employs/-ed others in that position.   Defendant further admits that it generally does business within California. The remaining allegations of this paragraph 26 are legal conclusions for which no response is required.

27.     In response to the allegations set forth in paragraph 27 of Plaintiff's Complaint, Defendant admits that it continues to employ non-exempt employees within California.

28.     In response to the allegations set forth in paragraph 28 of Plaintiff's Complaint, Defendant admits that it has skilled lawyers, employees, and other professionals.   The remaining allegations of this paragraph 28 are legal conclusions for which no response is required.

29.     Defendant denies the allegations set forth in paragraph 29 of Plaintiff's Complaint. The allegations of this paragraph 29 are also legal conclusions for which no response is required.

30.     Defendant denies the allegations set forth in paragraph 30 of Plaintiff's Complaint. The allegations of this paragraph 30 are also legal conclusions for which no response is required.

31.     Defendant denies the allegations set forth in paragraph 31 of Plaintiff's Complaint. The allegations of this paragraph 31 are also legal conclusions for which no response is required.

32.     Defendant denies the allegations set forth in paragraph 32 of Plaintiff's Complaint. The allegations of this paragraph 32 are also legal conclusions for which no response is required.

33.     Defendant denies the allegations set forth in paragraph 33 of Plaintiff's Complaint. The allegations of this paragraph 33 are also legal conclusions for which no response is required.

34.     Defendant denies the allegations set forth in paragraph 34 of Plaintiff's Complaint. The allegations of this paragraph 34 are also legal conclusions for which no response is required.

35.     Defendant denies the allegations set forth in paragraph 35 of Plaintiff's Complaint. The allegations of this paragraph 35 are also legal conclusions for which no response is required.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12323405.1                                    - 6 -                    DEFENDANT'S ANSWER AND DEFENSES TO
PLAINTIFF'S CLASS ACTION COMPLAINT

36.    Defendant denies the allegations set forth in paragraph 36 of Plaintiff's Complaint. The allegations of this paragraph 36 are also legal conclusions for which no response is required.

37.    Defendant denies the allegations set forth in paragraph 37 of Plaintiff's Complaint. The allegations of this paragraph 37 are also legal conclusions for which no response is required.

## FIRST CAUSE OF ACTION

### **FAILURE TO PAY MINIMUM WAGES**

38.    Defendant repeats, realleges and incorporates by reference its response to paragraphs 1 through 37 above as if fully set forth herein.

39.    The allegations of this paragraph 39 are legal conclusions for which no response is required.

40.    The allegations of this paragraph 40 are legal conclusions for which no response is required. Otherwise, Defendant denies the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41.    The allegations of this paragraph 41 are legal conclusions for which no response is required. Otherwise, Defendant denies the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42.    The allegations of this paragraph 42 are legal conclusions for which no response is required. Otherwise, Defendant denies the allegations set forth in paragraph 42 of Plaintiff's Complaint.

43.    The allegations of this paragraph 43 are legal conclusions for which no response is required. Otherwise, Defendant denies the allegations set forth in paragraph 43 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

### **FAILURE TO PAY MINIMUM WAGES**

44.    Defendant repeats, realleges and incorporates by reference its response to paragraphs 1 through 43 above as if fully set forth herein.

45.    The allegations of this paragraph 45 are legal conclusions for which no response is required.

46. The allegations of this paragraph 46 are legal conclusions for which no response is required. Otherwise, Defendant denies the allegations set forth in paragraph 46 of Plaintiff's Complaint.

47. The allegations of this paragraph 47 are legal conclusions for which no response is required. Otherwise, Defendant denies the allegations set forth in paragraph 47 of Plaintiff's Complaint.

48. The allegations of this paragraph 48 are legal conclusions for which no response is required.

49. The allegations of this paragraph 49 are legal conclusions for which no response is required.

50. The allegations of this paragraph 50 are legal conclusions for which no response is required. Otherwise, Defendant denies the allegations set forth in paragraph 50 of Plaintiff's Complaint.

51. The allegations of this paragraph 51 are legal conclusions for which no response is required. Otherwise, Defendant denies the allegations set forth in paragraph 51 of Plaintiff's Complaint.

52. The allegations of this paragraph 52 are legal conclusions for which no response is required. Otherwise, Defendant denies the allegations set forth in paragraph 52 of Plaintiff's Complaint.

53. The allegations of this paragraph 53 are legal conclusions for which no response is required. Otherwise, Defendant denies the allegations set forth in paragraph 53 of Plaintiff's Complaint.

54. The allegations of this paragraph 54 are legal conclusions for which no response is required. Otherwise, Defendant denies the allegations set forth in paragraph 54 of Plaintiff's Complaint.

55. The allegations of this paragraph 55 are legal conclusions for which no response is required. Otherwise, Defendant denies the allegations set forth in paragraph 55 of Plaintiff's Complaint.

**THIRD CAUSE OF ACTION**

**<u>FAILURE TO PAY MINIMUM WAGES</u>**

56.     Defendant repeats, realleges and incorporates by reference its response to paragraphs 1 through 55 above as if fully set forth herein.

57.     The allegations of this paragraph 57 are legal conclusions for which no response is required.

58.     The allegations of this paragraph 58 are legal conclusions for which no response is required.

59.     The allegations of this paragraph 59 are legal conclusions for which no response is required.

60.     The allegations of this paragraph 60 are legal conclusions for which no response is required.

61.     The allegations of this paragraph 61 are legal conclusions for which no response is required.  Otherwise, Defendant denies the allegations set forth in paragraph 61 of Plaintiff's Complaint.

62.     The allegations of this paragraph 62 are legal conclusions for which no response is required.

63.     The allegations of this paragraph 63 are legal conclusions for which no response is required.  Otherwise, Defendant denies the allegations set forth in paragraph 63 of Plaintiff's Complaint.

64.     The allegations of this paragraph 64 are legal conclusions for which no response is required.  Otherwise, Defendant denies the allegations set forth in paragraph 64 of Plaintiff's Complaint.

**FOURTH CAUSE OF ACTION**

**<u>FAILURE TO PAY MINIMUM WAGES</u>**

65.     Defendant repeats, realleges and incorporates by reference its response to paragraphs 1 through 64 above as if fully set forth herein.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12323405.1                                          - 9 -                   DEFENDANT'S ANSWER AND DEFENSES TO
                                                                                        PLAINTIFF'S CLASS ACTION COMPLAINT

66.     The allegations of this paragraph 66 are legal conclusions for which no response is required.

67.     The allegations of this paragraph 67 are legal conclusions for which no response is required.

68.     The allegations of this paragraph 68 are legal conclusions for which no response is required.  Otherwise, Defendant denies the allegations set forth in paragraph 68 of Plaintiff's Complaint.

69.     The allegations of this paragraph 69 are legal conclusions for which no response is required.

70.     The allegations of this paragraph 70 are legal conclusions for which no response is required.  Otherwise, Defendant denies the allegations set forth in paragraph 70 of Plaintiff's Complaint.

71.     The allegations of this paragraph 71 are legal conclusions for which no response is required.  Otherwise, Defendant denies the allegations set forth in paragraph 71 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION

## <u>FAILURE TO PAY MINIMUM WAGES</u>

72.     Defendant repeats, realleges and incorporates by reference its response to paragraphs 1 through 71 above as if fully set forth herein.

73.     The allegations of this paragraph 73 are legal conclusions for which no response is required.  Otherwise, Defendant denies the allegations set forth in paragraph 73 of Plaintiff's Complaint.

74.     The allegations of this paragraph 74 are legal conclusions for which no response is required.  Otherwise, Defendant denies the allegations set forth in paragraph 74 of Plaintiff's Complaint.

75.     The allegations of this paragraph 75 are legal conclusions for which no response is required.  Otherwise, Defendant denies the allegations set forth in paragraph 75 of Plaintiff's Complaint.

76.     The allegations of this paragraph 76 are legal conclusions for which no response is required.   Otherwise, Defendant denies the allegations set forth in paragraph 76 of Plaintiff's Complaint.

77.     The allegations of this paragraph 77 are legal conclusions for which no response is required.   Otherwise, Defendant denies the allegations set forth in paragraph 77 of Plaintiff's Complaint.

78.     The allegations of this paragraph 78 are legal conclusions for which no response is required.   Otherwise, Defendant denies the allegations set forth in paragraph 78 of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

79.     Defendant repeats, realleges and incorporates by reference its response to paragraphs 1 through 78 above as if fully set forth herein.

80.     The allegations of this paragraph 80 are legal conclusions for which no response is required.

81.     The allegations of this paragraph 81 are legal conclusions for which no response is required.

82.     The allegations of this paragraph 82 are legal conclusions for which no response is required.   Otherwise, Defendant denies the allegations set forth in paragraph 82 of Plaintiff's Complaint.

83.     The allegations of this paragraph 83 are legal conclusions for which no response is required.   Otherwise, Defendant denies the allegations set forth in paragraph 83 of Plaintiff's Complaint.

84.     The allegations of this paragraph 84 are legal conclusions for which no response is required.

85.     The allegations of this paragraph 85 are legal conclusions for which no response is required.   Otherwise, Defendant denies the allegations set forth in paragraph 85 of Plaintiff's Complaint.

1
2

**SEVENTH CAUSE OF ACTION**

**<u>FAILURE TO PAY MINIMUM WAGES</u>**

3       86.     Defendant repeats, realleges and incorporates by reference its response to
4    paragraphs 1 through 85 above as if fully set forth herein.

5       87.     The allegations of this paragraph 87 are legal conclusions for which no response is
6    required.

7       88.     The allegations of this paragraph 88 are legal conclusions for which no response is
8    required.

9       89.     The allegations of this paragraph 89 are legal conclusions for which no response is
10   required.

11      90.     The allegations of this paragraph 90 are legal conclusions for which no response is
12   required.  Otherwise, Defendant denies the allegations set forth in paragraph 90 of Plaintiff's
13   Complaint.

14      91.     The allegations of this paragraph 91 are legal conclusions for which no response is
15   required.  Otherwise, Defendant denies the allegations set forth in paragraph 91 of Plaintiff's
16   Complaint.

17      92.     The allegations of this paragraph 92 are legal conclusions for which no response is
18   required.  Otherwise, Defendant denies the allegations set forth in paragraph 92 of Plaintiff's
19   Complaint.

20              **EIGHTH CAUSE OF ACTION**

21              **<u>FAILURE TO PAY MINIMUM WAGES</u>**

22      93.     Defendant repeats, realleges and incorporates by reference its response to
23   paragraphs 1 through 92 above as if fully set forth herein.

24      94.     The allegations of this paragraph 94 are legal conclusions for which no response is
25   required.

26      95.     Defendant denies the allegations set forth in paragraph 95 of Plaintiff's Complaint.
27   The allegations of this paragraph 95 are also legal conclusions for which no response is required.

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12323405.1                          - 12 -          DEFENDANT'S ANSWER AND DEFENSES TO
PLAINTIFF'S CLASS ACTION COMPLAINT

1   96.    The allegations of this paragraph 96 are legal conclusions for which no response is

2   required.   Defendant denies the remaining allegations set forth in paragraph 96 of Plaintiff's

3   Complaint, which are also legal conclusions for which no response is required.

4   97.    The allegations of this paragraph 97 are legal conclusions for which no response is

5   required.   Defendant denies the remaining allegations set forth in paragraph 97 of Plaintiff's

6   Complaint, which are also legal conclusions for which no response is required.

7   98.    The allegations of this paragraph 98 are legal conclusions for which no response is

8   required.   Defendant denies the remaining allegations set forth in paragraph 98 of Plaintiff's

9   Complaint, which are also legal conclusions for which no response is required.

10   99.    The allegations of this paragraph 99 are legal conclusions for which no response is

11   required.   Defendant denies the remaining allegations set forth in paragraph 99 of Plaintiff's

12   Complaint, which are also legal conclusions for which no response is required.

13   100.    The allegations of this paragraph 100 are legal conclusions for which no response

14   is required.  Defendant denies the remaining allegations set forth in paragraph 100 of Plaintiff's

15   Complaint, which are also legal conclusions for which no response is required.

16   101.    The allegations of this paragraph 101 are legal conclusions for which no response

17   is required.  Defendant denies the remaining allegations set forth in paragraph 101 of Plaintiff's

18   Complaint, which are also legal conclusions for which no response is required.

19   102.    The allegations of this paragraph 102 are legal conclusions for which no response

20   is required.  Defendant denies the remaining allegations set forth in paragraph 102 of Plaintiff's

21   Complaint, which are also legal conclusions for which no response is required.

22   103.    The allegations of this paragraph 103 are legal conclusions for which no response

23   is required.  Defendant denies the remaining allegations set forth in paragraph 103 of Plaintiff's

24   Complaint, which are also legal conclusions for which no response is required.

25   104.    The allegations of this paragraph 104 are legal conclusions for which no response

26   is required.  Defendant denies the remaining allegations set forth in paragraph 104 of Plaintiff's

27   Complaint, which are also legal conclusions for which no response is required.

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12323405.1                    - 13 -          DEFENDANT'S ANSWER AND DEFENSES TO
                                                          PLAINTIFF'S CLASS ACTION COMPLAINT

105.    The allegations of this paragraph 105 are legal conclusions for which no response is required.  Defendant denies the remaining allegations set forth in paragraph 105 of Plaintiff's Complaint, which are also legal conclusions for which no response is required.

## PRAYER FOR RELIEF

106.    The allegations in the Prayer for Relief are legal conclusions for which no response is required.

### AS A FIRST SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

1.    Plaintiff fails to state a claim upon which relief can be granted.

### AS A SECOND SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

2.    Upon information and belief, Defendant is not legally responsible for the acts and/or omissions of defendants named herein as DOES 1 through 20.

### AS A THIRD SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

3.    Upon information and belief, facts and circumstances may exist revealing that Plaintiff and the putative class members claims are barred by the statute of limitations under various provisions of the Code of Civil Procedure, the California Business and Professions Code, and the California Labor Code, including, but not limited to, California Code of Civil Procedure §§ 338, 340, California Labor Code §§ 203(b), 226, 2802 and California Business and Professions Code §§ 17200, 17208.  Defendant presently has insufficient knowledge and information on which to assert this defense but discoverable facts may exist that make this defense applicable.

### AS A FOURTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

4.    By virtue of their conduct and/or in light of Plaintiff's Complaint that has been previously adjudicated, Plaintiff and the putative class members are estopped from asserting any claims, damages or seeking any other relief against Defendant.

### AS A FIFTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

5.      Plaintiff and the putative class members, by their conduct, have waived any right to recover any relief pursuant to the Complaint, or any purported cause of action alleged therein.

**AS A SIXTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

6.      Plaintiff is guilty of undue delay in filing and prosecuting this lawsuit, and accordingly, this action is barred by the doctrine of laches.

**AS A SEVENTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

7.      By virtue of Plaintiff and the putative class members' unlawful, immoral, careless, negligent and other wrongful conduct, Plaintiff and/or putative class members should be barred from recovering against Defendant by the equitable doctrine of unclean hands.

**AS AN EIGHTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

8.      Defendant is informed and believes and thereon allege that Plaintiff and the putative class members have engaged in conduct and activities tainted with bad faith, by reason of which Plaintiff and the putative class members should not be permitted to use the process of this court for furtherance of said bad faith.

**AS A NINTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

9.      Upon information and belief, the Complaint, and each and every cause of action therein, is barred in whole or in part because of Plaintiff's and the putative class members' failure to mitigate their alleged damages, if any.

**AS A TENTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

10.      To the extent there was any failure to compensate Plaintiff and/or putative class members all wages owed, any failure to provide meal or rest periods, any failure to pay meal and/or rest period premiums, inaccuracies regarding their pay stubs, or failure to reimburse for any reasonable and necessary business expenses, which Defendant denies, such was the result of Plaintiff and/or putative class members' failure to properly inform Defendant of such violations. Defendant had no actual or constructive notice of such violations, and, accordingly, they are under no obligation to compensate Plaintiff and/or putative class members for such alleged

violations. Plaintiff and/or putative class members, therefore, did not provide Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff and/or putative class members prior to the time the Complaint was filed,

**AS AN ELEVENTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

11.     Plaintiff and the putative class members are not able to demonstrate injury as a result of any violation of Labor Code § 226(a) because a wage statement was provided with every paycheck.  Plaintiff and the putative class members were not unable to determine from the wage statements the information required to be provided pursuant to Section 226(a)(1)-(9).

**AS A TWELFTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

12.     Defendant is informed and believes, and thereon alleges, that any recovery on Plaintiff's Complaint as a whole, or on each purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 to the extent Plaintiff and the putative class members failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

**AS A THIRTEENTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

13.     The Complaint fails, in whole or in part, because legally compliant rest breaks were authorized and permitted at all relevant times. Since Plaintiff and the putative class members were authorized and permitted the opportunity to take legally compliant rest breaks, even if Plaintiff and the putative class members did not take rest breaks as alleged in the Complaint, Defendant was unaware and is not liable for unpaid rest breaks premiums as alleged in the Complaint.

**AS A FOURTEENTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

14.     Plaintiff and the putative class members, by their actions, voluntarily waived their right to receive any rest breaks they did not take, if any.

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

WSACTIVELLP:12323405.1                                   - 16 -                          DEFENDANT'S ANSWER AND DEFENSES TO
                                                                                          PLAINTIFF'S CLASS ACTION COMPLAINT

1    **AS A FIFTEENTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT**

2    **ALLEGES:**

3        15.    The Complaint fails, in whole or in part, because legally compliant meal periods

4    were provided at all relevant times. Since Plaintiff and the putative class members were provided

5    the opportunity to take legally compliant meal periods, even if Plaintiff and the putative class

6    members did not take meal periods as alleged in the Complaint, Defendant is not liable for unpaid

7    meal period premiums as alleged in the Complaint.

8        **AS A SIXTEENTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT**

9    **ALLEGES:**

10       16.    Plaintiff and putative class members, by their actions, voluntarily waived their

11   right to receive any meal breaks they did not take, if any.

12       **AS A SEVENTEENTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT**

13   **ALLEGES:**

14       17.    Plaintiff's claims are barred pursuant to the Eighth Amendment to the United

15   States Constitution and Article I, Section 17 of the California Constitution to the extent Labor

16   Code sections 201, 202, 203, 226, 226.7, 510, 512, 1174.5, 1194, 1197, 1197.1, 1198, 2800,

17   2802, Business and Professions Code section 17200 et seq., and other applicable statutes operate

18   to impose excessive fines and/or are confiscatory, unconstitutionally vague, arbitrary or

19   oppressive.

20       **AS AN EIGHTEENTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT**

21   **ALLEGES:**

22       18.    Plaintiff and the putative class members are precluded from recovering penalties

23   and/or liquidated damages from Defendant, under the applicable provisions of the law, including,

24   without limitation, California Labor Code sections 203, 226, 226.3, 226.7, 512, 1194.2, 1197.1,

25   1199, and 2800 et seq., the commerce, due process clause of the California and United States

26   Constitutions, the Fourteenth Amendment to the United States Constitution, Section 1, and

27   pursuant to the doctrine articulated in *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538

28   U.S. 408 (2003).

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12323405.1               - 17 -        DEFENDANT'S ANSWER AND DEFENSES TO
                                                   PLAINTIFF'S CLASS ACTION COMPLAINT

1    **AS A NINETEENTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT**

2    **ALLEGES:**

3        19.    Any claim for unfair competition is barred, in whole or in part, because Plaintiff

4    lacks standing to pursue the claims alleged in the Complaint on behalf of themselves and any

5    putative class members under California Business and Professions Code sections 17200 and

6    17204, as they have not suffered any injury in fact or lost money or property as a result of any

7    allegedly unlawful business practice of Defendant.

8        **AS A TWENTIETH SEPARATE AND DISTINCT DEFENSE, DEFENDANT**

9    **ALLEGES:**

10        20.    Defendant cannot be liable for any violation of the Unfair Competition Law,

11   California Business and Professions Code § 17200, *et seq.*, because its actions towards Plaintiff

12   were not unfair, fraudulent, nor likely to mislead them or the public. Defendant's conduct and

13   dealings with the purported Plaintiff was lawful and authorized by applicable state and federal

14   statues, rules and regulations, and such actions, conduct, and dealings were carried out in good

15   faith and for legitimate business purposes.

16        **AS A TWENTY-FIRST SEPARATE AND DISTINCT DEFENSE, DEFENDANT**

17   **ALLEGES:**

18        21.    The Complaint, and each purported claim or cause of action contained therein, is

19   barred as to any purported class and collective members who have agreed to submit their claims

20   to binding, individual arbitration, as provided in their collective bargaining agreement; and

21   therefore cannot participate in this action.

22        **AS A TWENTY-SECOND SEPARATE AND DISTINCT DEFENSE, DEFENDANT**

23   **ALLEGES:**

24        22.    This case is not appropriate for class certification because the Complaint as a

25   whole, and each purported cause of action alleged therein, fails to state facts sufficient to

26   constitute a class action under California law and/or Federal Rules of Civil Procedure, Rule 23

27   against Defendant.

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12323405.1                          - 18 -                    DEFENDANT'S ANSWER AND DEFENSES TO
                                                                          PLAINTIFF'S CLASS ACTION COMPLAINT

**AS A TWENTY-THIRD SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

23.     This case is not appropriate for class certification because neither Plaintiff nor Plaintiff's counsel are able to fairly and adequately protect the interests of all members of the putative class.

**AS A TWENTY-FOURTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

24.     This case is not appropriate for class certification because the members of the proposed class are not so numerous that joinder of all members would be impracticable.

**AS A TWENTY-FIFTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

25.     This case is not appropriate for class certification because Plaintiff is not typical or adequate representatives of the purported class members of the Complaint or any alleged cause of action asserted therein.

**AS A TWENTY-SIXTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

26.     This case is not appropriate for class certification because common questions of fact do not predominate over individual questions of fact raised in each of the alleged causes of action in the Complaint.

**AS A TWENTY-SEVENTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

27.     This case is not appropriate for class certification because class treatment is not the superior method for resolving the alleged claims, including but not limited to the administrative remedy provided by the California State Labor Commissioner that is available to Plaintiff and each alleged putative class member.

**AS A TWENTY-EIGHTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

28.     Defendant's actions and practices, alleged or actual, were in conformity with

common and statutory law, governmental regulations, and industry standards existing at the times alleged in the Complaint.

**AS A TWENTY-NINTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

29.    Plaintiff's Complaint is barred, in whole or in part, because Defendant has fully performed any and all statutory and common law, and other duties owed to Plaintiff, and therefore, Plaintiff is estopped to assert any causes of action against Defendant.

**AS A THIRTIETH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

30.    Defendant did not authorize, condone, ratify, or tolerate acts in violation of California law, but instead prohibited and prohibit them, and any such alleged conduct may not be attributed to Defendant through principles of agency, respondeat superior, or otherwise. Defendant affirmatively asserts that any alleged wrongful conduct toward Plaintiff, including any wage-and-hour violations was not authorized, ratified, or approved by Defendant.

**AS A THIRTY-FIRST SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

31.    Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant did not willfully fail to pay any wages due, if any, to Plaintiff.

**AS A THIRTY-SECOND SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

32.    Defendant alleges that Plaintiff's and/or putative class members' claims are barred from recovering penalties under Labor Code § 226(e) because the failure to provide complete and accurate wage statements, if any, was not knowing and/or intentional and/or there was a good faith dispute over whether Plaintiff and/or putative class members were owed any wages that were not included in their wage statements.

**AS A THIRTY-THIRD SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

33.    As a separate and distinct affirmative defense, Defendant alleges that the claim for

reimbursement of job-related expenses fails because Plaintiff and/or the putative class members,
have received reimbursement for all necessary and/or reasonable job-related expenses.

**AS A THIRTY-FOURTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT
ALLEGES:**

34.    The Complaint, and each and every purported cause of action alleged therein, is
barred because Plaintiff and/or putative class members have been paid all wages, meal and rest
period premiums, and reimbursed business expenses due and owed due and owed.

**AS A THIRTY-FIFTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT
ALLEGES:**

35.    The Complaint, and each and every purported cause of action alleged therein, is
barred because Plaintiff and/or putative class members have released and waived any and all
claims they may have against Defendant.

**AS A THIRTY-SIXTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT
ALLEGES:**

36.    Plaintiff's allegations, including, but not limited to, his allegations regarding his
ability to represent the interests of putative class members and his prayer for recovery are barred,
in whole or in part, because Plaintiff and/or putative class members lack standing to assert or
recover them.

**AS A THIRTY-SEVENTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT
ALLEGES:**

37.    Plaintiff and/or other putative class members failed to exhaust available
administrative remedies and are therefore precluded from obtaining any relief under his alleged
causes of action in the Complaint.

**AS A THIRTY-EIGHTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT
ALLEGES:**

38.    Defendant is informed and believes and thereon alleges that Plaintiff was guilty of
willful misconduct and proximately contributed to the occurrence of the events complained of in
Plaintiff's Complaint and the damage alleged to have been suffered therein, and Plaintiff is

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12323405.1                                      - 21 -                      DEFENDANT'S ANSWER AND DEFENSES TO
PLAINTIFF'S CLASS ACTION COMPLAINT

1    therefore precluded from comparing such conduct with the alleged fault on the part of this

2    answering Defendant, if any.

3         **AS A THIRTY-NINTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT**

4    **ALLEGES:**

5         39.    Plaintiff cannot demonstrate that his claims are representative or typical of any

6    other putative class members.

7         **AS A FORTIETH SEPARATE AND DISTINCT DEFENSE, DEFENDANT**

8    **ALLEGES:**

9         40.    As a separate and distinct affirmative defense, Defendant alleges that the

10   Complaint fails to properly state claim for attorneys' fees under California Code of Civil

11   Procedure section 1021.5, California Labor Code sections 218.5 and 1194, California Business

12   and Professions Code section 17200, et seq., or any other basis.

13        **AS A FORTY-FIRST SEPARATE AND DISTINCT DEFENSE, DEFENDANT**

14   **ALLEGES:**

15        41.    Defendant is informed and believes and thereon alleges that Plaintiff and/or

16   putative class members were not employees of Defendant.

17        **AS A FORTY-SECOND SEPARATE AND DISTINCT DEFENSE, DEFENDANT**

18   **ALLEGES:**

19        42.    Defendant has suffered damages by reason of Plaintiff's and/or putative class

20   members' conduct, and Defendant has a right to offset its damages against the damages, if any, of

21   Plaintiff and/or other putative class members.

22        **AS A FORTY-THIRD SEPARATE AND DISTINCT DEFENSE, DEFENDANT**

23   **ALLEGES:**

24        43.    The Complaint, and each purported cause of action contained therein, is barred in

25   whole or in part because Defendant exercised reasonable care and compensated Plaintiff and/or

26   putative class members in a manner that Defendant believed, in good faith, complied with the

27   applicable laws and provisions, including the Labor Code and the California Industrial Welfare

28   Commission Wage Orders.  As such, a good faith dispute exists as to alleged monies, wages

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12323405.1                    - 22 -                    DEFENDANT'S ANSWER AND DEFENSES TO
PLAINTIFF'S CLASS ACTION COMPLAINT

and/or penalties owed.  Moreover, any alleged deficiencies were subject to cure, and therefore any penalties would be barred.

**AS A FORTY-FOURTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

44.     The Complaint, and each purported cause of action contained therein, or some of them, for restitution and/or injunctive relief is barred with respect to any alleged violations that have discontinued, ceased, or are not likely to reoccur.

**AS A FORTY-FIFTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

45.     The Complaint, and each purported cause of action alleged therein, is barred on the ground that at all times alleged in the Complaint, Plaintiff and the putative class members expressly or impliedly assented to, ratified, or concurred with the conduct alleged to be unlawful.

**AS A FORTH-SIXTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

46.     Plaintiff's Complaint, and each claim contained therein, is barred to the extent that the nature of the work required an on-duty meal period, which was acknowledged in writing, and could later be revoked.   To the extent that Plaintiff or other employees signed a written acknowledgment for an on-duty meal period, there can be no claim for alleged meal period violations.

**AS A FORTY-SEVENTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

47.     To the extent that Plaintiff's claims allege unpaid time based on Defendant's alleged rounding policies and/or practices, such claims fail as a matter of law because rounding employees' time to the nearest quarter-hour is lawful under the Fair Labor Standards Act and California law. *See* 29 C.F.R. § 785.48(b); D.L.S.E. Enforc. Policies and Interp. Manual, §§ 47.1 and 47.2 (stating the D.L.S.E. follows federal regulation permitting rounding to nearest quarter hour).

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12323405.1                          - 23 -                          DEFENDANT'S ANSWER AND DEFENSES TO
                                                                                 PLAINTIFF'S CLASS ACTION COMPLAINT

**AS A FORTY-EIGHTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

48.     Any recovery on Plaintiff's Complaint with respect to the allegations of failure to pay overtime pursuant to California Labor Code 510 is barred to the extent Plaintiff and all purported Putative Class members were not entitled to overtime compensation under California Labor Code section 510, the applicable wage orders of the California Industrial Welfare Commission, and/or applicable federal law.

**AS A FORTY-NINTH SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

49.     Plaintiff and/or putative class members are precluded from recovering the damages alleged in the Complaint because those damages and/or penalties are too vague, ambiguous, excessive, unreasonable, arbitrary, unjust, uncertain and/or speculative to permit recovery.

**AS A FIFTY SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

50.     Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that Plaintiff seeks a jury trial for claims that are of a nature or right that did not provide for a jury trial at common law prior to the adoption of the California Constitution.   To the extent that Plaintiff seeks a jury trial for such claims, there is no such jury trial right.

**AS A FIFTY-FIRST SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:**

51.     Defendant presently has insufficient knowledge and information upon which to form a belief as to whether it has additional affirmative defenses.   Accordingly, Defendant reserves the right to assert additional affirmative defenses in the event that it appears that any error or omission has been made herein or in the event that further discovery or analysis indicates that any additional affirmative defenses would be applicable.   In asserting these defenses, Defendant does not allege or admit that they have the burden of proof and/or persuasion with respect to any of these matters and do not assume the burden of proof and/or persuasion with

/ / /

/ / /

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12323405.1                     - 24 -                     DEFENDANT'S ANSWER AND DEFENSES TO
PLAINTIFF'S CLASS ACTION COMPLAINT

1   respect to any matter as to which Plaintiff and/or putative class members have the burden of proof

2   or persuasion.

3

4   Dated:  June 25, 2021, 2021                     Respectfully submitted,

5                                                   FORD & HARRISON LLP

6

7                                                   By:  _/s/ Paul M. Suh_
                                                         David L. Cheng
8                                                        Paul M. Suh
                                                         Attorneys for Defendant
9                                                        BGIS GLOBAL INTEGRATED
                                                         SOLUTIONS US, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:12323405.1                          - 25 -         DEFENDANT'S ANSWER AND DEFENSES TO
                                                               PLAINTIFF'S CLASS ACTION COMPLAINT

1

## **PROOF OF SERVICE**

2

I, Kathryn Bell-Taylor, declare:

3

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California  90071.  On June 25, 2021, I served a copy of the within document(s):

4

5

**DEFENDANT BGIS GLOBAL INTEGRATED SOLUTIONS US, LLC'S ANSWER AND DEFENSES TO PLAINTIFF JAVIER DIAZ'S CLASS ACTION COMPLAINT**

6

7

☒    ELECTRONICALLY:  I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.  I served those parties who are not registered participants of the ECF System as indicated below.

8

9

10

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

11

12

13

14

☐    by placing the document(s) listed above in a sealed FedEx Overnight envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

15

16

☐    by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

17

18

☐    by e-mail or electronic transmission.  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed below.  My e-mail address is kbell-taylor@fordharrison.com.  I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S ANSWER AND DEFENSES TO
PLAINTIFF'S CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| 1 | Kashif Hague | Attorneys for Plaintiff(s) |
| | Samuel A. Wong | |
| 2 | Jessica L. Campbell | ☒ Registered participants in ECF |
| | Fawn Bekam | System. |
| 3 | Aegis Law Firm PC | |
| | 9811 Irvine Center Drive, Suite 100 | |
| 4 | Irvine, CA 92618 | |
| | Telephone:  949-379-6250 | |
| 5 | Facsimile:   949-379-6251 | |
| | E-mail:  khaque@aegislawfirm.com | |
| 6 | swong@aegislawfirm.com | |
| | jcampbell@aegislawfirm.com | |
| 7 | dgraves@aegislawfirm.com | |
| | fbekam@aegislawfirm.com | |

8

9   I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

10   Executed on June 25, 2021, at Los Angeles, California.

11                                        */s/Kathryn Bell-Taylor*
                                         _____
12                                        Kathryn Bell-Taylor

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28